**PORTER BROADCASTING CORP.,**
**d/b/a Radio Station "WKSE–FM",**
**Plaintiff,**

**v.**

**PYRAMID BROADCASTING and Radio**
**Station "WNYS", Defendants.**

**No. CIV–85–1382E.**

United States District Court,
W.D. New York.

Dec. 23, 1985.

**38**

Peter K. Sommer, Buffalo, N.Y., for plaintiff.

Richard T. Sullivan, Buffalo, N.Y., for defendants.

## MEMORANDUM

ELFVIN, District Judge.

The following sets forth this Court's rationale for its Order of November 27, 1985.

Porter Broadcasting Corp. ("Porter"), operator of radio station WKSE–FM, has brought this action against Pyramid Broadcasting, owner of radio station WNYS, alleging that the latter's broadcasting and advertising use of the term "Music Marathon" and variant forms thereof usurps WKSE–FM's right to that term as a name and trademark. Porter asserts causes of action under 15 U.S.C. § 1125(a), section 43(a) of the Lanham Act, for false designation of origin and false description and representation and under the common law for service mark infringement and under section 368–d of New York's General Business Law for injury to business reputation and dilution of distinctive quality of said name or mark and for unfair competition. The plaintiff has moved for preliminary restraint of the defendants' use of that term.

On March 28, 1985 Porter adopted its call letters WKSE–FM and a new format. The salient feature of the latter for instant purposes is a thirty-minute segment free of commercials during each hour of each twenty-four hour day. The plaintiff advertised and promoted this arrangement as a "Music Marathon." It is alleged that, as a result of the advertising and use of the term, the public has been educated to associate it with the plaintiff as a service mark and the name of a program segment. New York's Department of State issued to the plaintiff October 8, 1985 a Certificate of Registration of Service Mark for the term.

On November 8, 1985 the defendant, which broadcasts to the same geographic area as does WKSE–FM and which allegedly is in competition with WKSE–FM for listeners and advertisers, instituted changes in its own on-the-air presentation or format. The changes included shifts in personnel and a modification of its identifying slogan from "Hot Rocking Hits" to "Hot 104." To herald the introduction of the new format the station announced that for three days, commencing November 8th, the station would broadcast a "Music Marathon"—*viz.*, three days of commercial free music. It is this use of the term of which the plaintiff complains.

I signed a Temporary Restraining Order November 9, 1985 enjoining WNYS from "using MUSIC MARATHON, or colorable variation thereof, as a mark or a name * * *." Oral argument on the motion for a preliminary injunction was heard November 20th.

The granting of a preliminary injunction is an award of extraordinary relief which cannot be granted unless the moving party sustains the burden of establishing clearly the threat of irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them fair ground for litigation and a balance of hardship tipping decidedly toward the movant. *Kaplan v. Board of Education*, 759 F.2d 256, 259 (2d Cir.1985); *Miller Brewing Co. v. Carling O'Keefe Breweries*, 452 F.Supp. 429, 437 (W.D.N.Y. 1978). The plaintiff has failed to establish either a likelihood of success on the merits or sufficiently serious questions going to the merits to make them fair ground for litigation.

Analysis of the claims presented depends largely on the characterization to be assigned to the term in issue. The plaintiff claims that it is a suggestive mark while the defendants assert that it is generic or descriptive and without secondary meaning. This Court concurs with the defendants and finds that the term is a descriptive mark without secondary meaning.

It has not been tenably indicated that the mark means anything other than the playing of music for a sustained or unusual length of time. As such, it simply sets forth the characteristics, qualities or ingre-

dients of the product and does not require imagination, thought and perception to reach a conclusion as to its nature. *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9, 11 (2d Cir.1976).

■ The plaintiff has failed to establish the existence of secondary meaning. It is alleged that the public has been educated to associate the term with the plaintiff but nothing of substance has been submitted to establish what the relevant consumers understood by the term. The use of a term and the spending of advertising dollars in efforts to establish secondary meaning do not alone serve to prove that secondary meaning exists.

Section 43(a) of the Lanham Act is directed toward preventing false descriptions or representations in advertising. In this case, the plaintiff asserts that the defendants' use of the term "tends to foster the false and injurious impression that plaintiff and defendants are in some way connected or associated * * * and is a false designation of origin and a false description and representation * * *." Verified Complaint ¶ 15.

■ This Court's finding that "Music Marathon" is descriptive and without secondary meaning is, in effect, a finding that "the mark does not indicate the origin of the products." *Loctite Corp. v. National Starch & Chemical*, 516 F.Supp. 190, 216 (S.D.N.Y.1981). Therefore, the defendants' use of that term is not suggestive of an association with WKSE–FM in violation of section 43(a). The plaintiff's claim of common law trade mark infringement similarly fails.

■ The plaintiff also claims that the defendants' use of the mark "destroys the distinctiveness of plaintiff's mark, injures plaintiff's business reputation, and also impaires [sic] the ability of plaintiff to control its own reputation" in violation of section 368–d. Memorandum in Support of Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, p. 5. That statute protects against the dilution of the distinctive quality of a mark. This Court's finding that it is a descriptive term without secondary meaning necessarily carries with it the determination that the mark lacks sufficient distinctive meaning to justify the statute's special protection. *Warner Bros. v. American Broadcasting Companies*, 720 F.2d 231, 248 (2d Cir. 1983); *Loctite Corp., supra*, at 217–218.

■ Finally, the plaintiff, in its claim of unfair competition, asserts that the defendant deliberately copied and intentionally infringed the mark and name and misappropriated its business values. This Court, however, finds no evidence that the defendant attempted to misappropriate goodwill or to mislead the public. The plaintiff has therefore failed to establish a likelihood of success on the merits or to assert a fairly triable issue of fact.

For the reasons stated above, the plaintiff's motion for a preliminary injunction was denied.